**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| LISA LINN OWEN,<br><br>     Appellant,<br><br>   v.<br><br>DR. RYDER GWINN; JANE DOE,<br>nurse in the intensive care unit;<br>SWEDISH HOSPITAL,<br><br>     Respondents. | No. 81650-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Owen appeals from dismissal of her claims of criminal negligence and medical negligence against Swedish. She alleges she was administered morphine despite Swedish knowing she was allergic to the drug. Owen failed to serve the parties within the statute of limitations. We affirm.

FACTS

On July 20, 2015, Lisa Owen underwent surgery following a slip and fall accident at her job. Owen warned the hospital and nurse that she is allergic to morphine. Despite this, she alleges that she was given morphine after surgery. Owen was discharged from the hospital on July 27, 2015.

Almost four years later, on July 19, 2019, Owen filed a complaint in superior court against Dr. Ryder Gwinn, Jane Doe (a nurse in the intensive care unit), and

Citations and pin cites are based on the Westlaw online version of the cited material.

Swedish Health Services (collectively, "Swedish").[1]  She alleges that before this lawsuit, she attempted mediation with Swedish.

Owen asked her boyfriend to serve Dr. Gwinn and the other defendants in July 2019, but he was unable to serve them.  She requested service by publication for Dr. Gwinn on October 1, 2019, and was denied.  She then requested the King County Sheriff serve the parties.[2]  In its motion for summary judgment, Swedish conceded that it was served on November 13, 2019, and stated at the summary judgment hearing that no defendant was served before that date.[3]

Swedish filed a motion for summary judgment.  It argued that Owen failed to timely serve the defendants, that criminal negligence fell outside the exclusivity provisions of chapter 7.70 RCW, and that Owen failed to provide a medical expert as required to prove medical negligence.  The trial court dismissed Owen's complaint in its entirety.

Owen appealed directly to the Supreme Court.  The Supreme Court transferred the case to the Court of Appeals.

---

[1] We note that there is no formal caption on the complaint.  Instead, it is preceded by a cashier's form GR 14 coversheet.  In addition to caption information, she indicates two causes of action: "Med-Malpractice" and "Criminal Negligence." She also writes, "One more year statu[t]e [of] limitations extension due [to] request[ed] mediation within last year prior to 3 year statu[t]e [of] limitations." There is no dispute between the parties that the complaint contained two causes of action: medical malpractice and criminal negligence.

[2] It is unclear whether Doe was identified for the purposes of service, or for this case.  Swedish stated at summary judgment that it represented "Jane Doe Nurse, to the extent that she is identifiable."

[3] Owen also filed motions for service by mail on all defendants in December 2019 and January 2020, both were denied.  Additionally, she asked the Sheriff to serve Swedish Health on January 28, 2020, and it completed service on February 4, 2020.  It is unclear why she attempted service after November 13, 2019.

DISCUSSION

The issue on appeal is whether or not the trial court properly dismissed this case.[4] Swedish argues that Owen's brief did not meet court rules, that her criminal negligence claim does not fall within Washington law, that she failed to provide an expert witness opinion needed for a medical negligence claim, and that service was not completed in a timely manner.

We review an appeal of an order granting summary judgment de novo. McDevitt v. Harborview Med. Ctr., 179 Wn.2d 59, 64, 316 P.3d 469 (2013). Summary judgment is proper if there is no genuine issue of material fact, and the party is entitled to judgment as a matter of law. CR 56(c).

Medical negligence claims have a three year statute of limitations. RCW 4.16.350(3). The statute of limitations can be tolled for one year by a written, good faith request for mediation by the plaintiff. RCW 7.70.110. It can also be tolled by filing a complaint. RCW 4.16.170. Service must occur within 90 days of filing the complaint, and without service, the complaint does not toll the statute of limitations. Id.

---

[4] Owen's filed her opening brief on July 28, 2021. It was returned because it did not conform to court rules. But, on September 1, 2021, the court administrator/clerk ruled that if the amended brief was not received by September 13, 2021, we would consider the brief filed on July 28, 2021 as Owen's opening brief. We did not receive an amended brief.

We note that in her brief on appeal, Owen alleges, inter alia, reckless endangerment, breach of the standard of care, assault and battery, and attempted murder. The Court of Appeals cannot review those arguments that were not made in the trial court. State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007) ("The general rule is that appellate courts will not consider issues raised for the first time on appeal.")

Owen's surgery took place on July 20, 2015. Owen states in her complaint that she requested mediation as contemplated by the statute before bringing the lawsuit. If true, this would toll the statute of limitations of her medical negligence claim, giving her four years to file a complaint. RCW 7.70.110. She filed her complaint on July 19, 2019, just under four years after the surgery took place.

However, even assuming the statute of limitations was four years, she did not serve the defendants within the required time period. She had until October 17, 2019, ninety days from the filing date of July 19, 2019, to serve the parties. RCW 4.16.170. She served Swedish on November 13, 2019. It is unclear from the record if Doe and Gwinn were served the same day as Swedish, served on a different day, or never served at all.

Owen attempted timely service. At the summary judgment hearing, she explained in detail the challenges and obstacles she faced in completing service on the defendants. She stated that she requested both service by publication and by mail, but her requests were denied. The court first denied Owen's motion to serve Gwinn by publication. It stated that "for authorization to serve by publication you will need to demonstrate first that personal service was unsuccessful (by more than one or two attempts) and then that service by mail would also be unsuccessful." It stated that Owen did not provide a declaration from anyone other than herself to show service, and no indication that there was more than one attempt. Owen then filed a motion to serve by mail. The court denied her motion to serve by mail on all defendants because the motion was "virtually illegible," and asked her to resubmit. She also asked the Sheriff's office to serve the parties, but

4

it is unclear whether the Sheriff properly served the parties.  Owen cites no authority to support the notion that these hardships could extend the time allowed for service.

Service was not commenced within the statute of limitations.  The case was properly dismissed.

We affirm.

_Appelwick, J._

WE CONCUR:

_Brennan, J_          _Mann, C.J._